

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| versus | § § | Civil Action B-04-023 |
| Maria De J. Serrato | § § | |

United States District Court
Southern District of Texas
FILED

APR 0 9 2004

Michael N. Milby
Clerk of Court

## MOTION FOR SUMMARY JUDGMENT

United States of America ("United States") moves for summary judgment pursuant to Rule 56, FED.R.CIV.P.

1. This Motion is supported by the Complaint, with the attached Certificate of Indebtedness, and the attached affidavit of J. Michael Weston.

2. The following facts are undisputed:

    a. Subject matter jurisdiction arises under 28 U.S.C. § 1345.

    b. The United States, as guarantor, seeks repayment of federally insured student loan upon which Serrato defaulted.

    c. On April 16, 1990, Serrato executed a promissory note for a student loan. The promissory note is payable to United Citizens Bank, McAllen TX. A true and correct copy of the promissory note is attached to this Motion as Exhibit A. The annual interest rate is 8.41%.

    d. As shown by the Certificate of Indebtedness issued by the United States Department of Education attached to the Complaint, Serrato currently owes the United States the following sums:

        (1) Principal:     $2,855.22

        (2) Current interest     $1,565.60

        (3) Administrative, fees, costs, penalties     $0.00

        (4) Balance due as of July 21, 1999:     $4,420.82

        (5) Prejudgment interest accrues at 8.41% per annum, being $0.66 per day.

        (6) The current balance in 3A is after credits of $0.00

3. The United States also seeks to recover attorney's fees of $900.00

4.  The United States has demanded that Serrato, pay the loan, but Serrato failed to do so. The United States has retained the undersigned to represent it in this matter and agreed to pay for such services.

WHEREFORE, the United States requests that it be granted judgment against Maria De J. Serrato as set forth above, plus costs of court.

Respectfully submitted
BENNETT, WESTON & LaJONE, P.C.

By: _____
J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
Telephone: (214) 691-1776
FAX: (214) 373-6810
Attorneys for the United States of America

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct of the foregoing was served upon all counsel and/or parties of record, private parties are served by certified mail, return receipt requested, and regular mail on this 5th day of April, 2004.

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *versus* | § § | Civil Action B-04-023 |
| Maria De J. Serrato | § | |

### AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared J. Michael Weston, who upon being duly sworn by me did state and depose as follows:

1. My name is J. Michael Weston. I am over the age of twenty-one years of age and am competent to give this Affidavit and have personal knowledge of the facts stated herein.

2. I was licensed as an attorney by the State of Texas in 1975. I have practiced law in the State of Texas since that time. I am familiar with the instant action and have been involved in many similar cases in the past. I am familiar with legal fees in the State of Texas for cases of this nature.

3. I am familiar with the instant action and have been involved in many similar cases in the past. In the course of my legal representation of clients, I have handled numerous collections cases for clients, and many of the cases, as in this case, involved suit for payment of a promissory note. Additionally, I am familiar with the collection of student loans on behalf of the United States of America. I do not normally handle this type of litigation on behalf of clients, but were I to do so, I would charge a fee of between $250.00 and $300.00 per hour.

4. Utilizing the factors found at Rule 1.04, Texas Disciplinary Rules of Professional Conduct, I note the following:

   a. This case is handled by our law firm on a contingency fee basis of 33.33% of all sums collected, principal and interest.

    b.    The nature of the case, collections, is not novel but our firm and the undersigned have the experience and skill to handle such cases on a large volume throughout the State of Texas, and that experience and skill is not customary in the legal profession. Additionally, our firm has developed an expertise for the handling of student loan collections, and this skill is not customary in the legal profession.

    c.    The contingency fee of 33.33% is standard for collection matters such as the type presented to the Court in this instance.

    d.    The fee actually paid to our firm is contingent upon the uncertainty of collection. In fact, many debtors against whom we file suit on behalf our clients never pay any moneys, and we collect no fees for such matters.

    e.    Based on the time expended on collection matters, the percentage of sums collected and the fees generated on a contingency fee basis, the fee sought in this as a contingency fee basis reflects the time and labor required in such a matter.

5.    Using the factors cited by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), I note the following:

    a.    the acceptance of representation of the United States as private counsel has involved receiving several thousand cases from the United States, and the work attendant to supervising, reviewing, filing, preparing pleadings and handling hearings and other matters has basically precluded the undersigned from representing any other clients on an active basis.

    b.    The United States is seeking a judgment well in excess of three times of the attorney's fees sought in this motion. Under our fee agreement with the United States and the customary contingency fee agreement on accounts of this type, which is one third, a requested attorney's fee normally would be on third of the sum sought to be recovered rounded down to the nearest $100.

    A fee in that range, based on my experience, would be awarded by most Texas courts handling similar cases. Considering the amount involved, the fact that we are only requesting a summary judgment at this time, I have reduced the requested attorney's fee.

  c. The time constraints placed upon our law firm to handle cases such as the instant case are significant in light of the volume of cases assigned to our firm and the requirement imposed by us by the United States to file cases and bring them to judgment as quickly as possible.

  d. Our firm has represented the United States for approximately since early 1999.

  e. The legal services involved are provided by the undersigned. I have been practicing law since 1975. Since 1990, I have probably caused to be filed and brought to conclusion in excess of 5,000 suits on notes throughout the State of Texas. I believe that I have a reputation for handling this type of matter. I am frequently requested to teach at seminars involving collection issues and have taught at several seminars.

5. In the normal course of handling of a case, attorney time is reviewed preparatory to preparing a complaint, preparing the necessary documents to file suit in federal court, reviewing the answer received and reviewing the file again to determine both whether the defendant has raised any substantive issues that need to be addressed by the United States or for which discovery needs to be conducted, and preparing a motion for summary judgment. The reasonable amount of attorney's time expended for such services would be five hours. Therefore, the "lodestar" attorney's fee in this case would be between $1,250.00 and $1,500.00. I respectfully submitted that such lodestar sum should be adjusted to reflect the amount of attorney's fees sought in paragraph six below, with the primary determinate, from my perspective, being the amount in dispute.

6. Based upon the above factors, I believe a customary, necessary and reasonable attorney's fee in this action is $900.00.

[signature]

SWORN AND SUBSCRIBED to on March 31, 2004.

*Diana S. Bradley*
Notary Public in and for the
State of Texas

My Commission Expires:

> DIANA S. BRADLEY
> MY COMMISSION EXPIRES
> February 3, 2005

# TGSLC — TEXAS GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE

**WARNING:** ANY PERSON WHO KNOWINGLY MAKES A FALSE MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097

Stamps: JUN 04 1990 #28, MAY 08 1990

## SECTION I - TO BE COMPLETED BY STUDENT BORROWER
Type or print clearly with a ball-point pen. Read the instructions carefully.

1. Social Security Number: 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
2. Last Name: Garcia   First Name: Maria de J   MI: —
3. Birth Date: 10/20/70
4. State of Permanent Residence: TX   Since: 1970
5. Permanent Home Address: 35 Acapulco Ave, Brownsville, TX 78521
6. Home Area Code/Phone Number: (512) 831-3782
7. Driver's License Number: None
8. U.S. Citizenship Status: (a) U.S. Citizen or National ☑
9. Are you in default on any educational loan or do you owe a refund on a grant? No ☑
10. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level? No ☑
11. Intended Enrollment: Full-time ☑
12a. Requested Loan Amount: $2,625
12b. What period do you want this loan to cover? From 4-90 To 11-90
13. Do you have any outstanding guaranteed student loans that are NOT guaranteed by the TEXAS GUARANTEED STUDENT LOAN CORPORATION? No ☑

14. Parent or Guardian (circled): Parent
    - Name: Guadalupe R. Garcia
    - Address: 35 Acapulco Ave.
    - City, State, Zip: Brownsville, TX 78521
    - Phone: (512) 831-3782
    - Employer: Fish Eng. and Con. Inc.

    Relative, Friend or Separated Parent (circled): Relative
    - Name: Cesar Garcia
    - Address: 44 Acapulco Ave.
    - City, State, Zip: Brownsville, TX 78521
    - Phone: (512) 831-7185
    - Employer: Eagle Int. Bus. Co.

    Other Relative or Friend (circled): Relative
    - Name: Amparo Casanova
    - Address: 259 Bernal D.
    - City, State, Zip: Brownsville, TX 78521
    - Phone: (512) 831-9408
    - Employer: Neal Robinson Nursery

15. While in school, you intend to live: With parents ☑
16. Major Course of Study: Cosmetology
17. Total Number of Borrower's Dependents: Number 0, List Ages 0

## PROMISSORY NOTE FOR A TEXAS GUARANTEED STUDENT LOAN

A. I PROMISE TO PAY to you or your order when this Note becomes due as set forth in Paragraph B the sum of **Two Thousand Six Hundred Twenty-Five** ($2,625.00) ...

Signature of Borrower: Maria Garcia   Date: 4-16-90

## SECTION II - TO BE COMPLETED BY SCHOOL

22. Name of School: Vogue College #28
23. Address: P.O. Box 426
24. City: Wichita Falls   State: Texas   Zip: 76307
25. Area Code/Telephone Number: 817-761-1033
26. School Code: 020613
27. Loan Period: From 4/24/90 To 11/24/90
28. Anticipated Graduation Date: 3/91
29. Borrower Grade Level: 1
30. Dependency Status: Dependent ☑
31. Estimated Cost of Education for Loan Period: $6705
32. Estimated Financial Aid for Loan Period: $1750
32a. Expected Family Contribution: $544
33. Difference: $2625
33a. Adjusted Gross Income: $17949

35. Print or Type Name and Title: Linda Colwell, Fiscal Officer
36. Date: 5-28-90

## SECTION III - TO BE COMPLETED BY LENDER

37. Name of Lender: United Citizens Bank
38. Area Code/Telephone Number: 512-687-6371
39. Address: P.O. Box 6500, McAllen, Texas 7850_
40. Lender Code: 828439
41. Lender Approved Amount: $2625.00
42. Disbursement 1: 6/18/90
43. Disbursement 2: 8/15/90
46. Signature of Authorized Lending Official: [signature]
48. Date: 6-4-90

BORROWER: TERMS OF PROMISSORY NOTE CONTINUE ON REVERSE SIDE   COPY A - LENDER: LENDER RETAINS THIS ORIGINAL COPY

Form # 04-04-331-02-04/87

EXHIBIT A   Page 5

## PROMISSORY NOTE (CONTINUED)

B. **Date Note Becomes Due:** I will repay this loan in monthly installments during a repayment period that will begin no later than the day after the last day of my grace period as shown on my Disclosure Statement. My grace period is that period of time which begins when I cease to be enrolled as at least a half-time student at a school that is a participant in the Guaranteed Student Loan Program. During my grace period, however, I may request that my repayment period begin on an earlier date.

C. **Interest:** I agree to pay an amount equivalent to simple interest on the unpaid balance of my loan from the date it is advanced to me until it is paid in full, except for any interest the United States Government will pay for me, which you will not attempt to collect from me. The applicable interest rate on my loan will be the same as the applicable interest rate on other Guaranteed Student Loans if any of those loans are still outstanding and have an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, the applicable interest rate on my loan will be 8%. My Disclosure Statement will identify the specific interest rate applicable for my loan. When this Note becomes due, if I have not paid you the interest due from me or such interest will be added to the total principal to be repaid, with interest, in installments. All payments will be made to your address as indicated on the Disclosure Statement or to any other address you notify me of.

D. **Guarantee-Origination Fee:** I will pay you a guarantee fee which you will forward to the Texas Guaranteed Student Loan Corporation (TGSLC) for its guarantee of this loan. The guarantee fee will be equal to 1% per year on the amount disbursed for a period beginning the month after the estimated date of disbursement and ending 12 months after the anticipated month of the borrower's graduation. For applications signed by the borrower on or after July 1, 1987, the guarantee fee will not exceed 3% of the principal amount of the loan times the number of years between the estimated date of disbursement and the anticipated graduation date.
My Disclosure Statement will indicate the exact amount and rate of my guaranteed fee. I will pay you an origination fee authorized by Federal law (not to exceed 5%) of my loan as allowed by Federal law. My Disclosure Statement will also indicate the exact amount and rate of my origination fee. You may withhold this fee from each disbursement as indicated on my Disclosure Statement. If any loan disbursement check is returned uncashed to you, or if the loan check has not been cashed within 120 days of the check date or I lose the check then pay it in full within 120 days of the check date, the guarantee fee and the origination fee will be credited to my balance.

E. **Whole Loan Due:** Any other provision of this Note notwithstanding, I will be in breach of this agreement and you will have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me the right to cure such breach) if (1) I fail to make a payment when due, (2) I make any false written statement in applying for this loan or for an extension or deferment of this loan, or (3) I break any of my other promises under this agreement, or (4) I receive my loan proceeds, I fail to enroll, for the period covered by this loan, at the school listed on this Application and Promissory Note for at least one-half of the normal full-time workload required by the school.

F. **Collection Costs-Late Charges:** I agree to pay you reasonable amounts permitted by law, including the fees of an outside attorney and court costs, which you incur in collecting any amount I owe under this Note which is not paid when due. (If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs which do not exceed 25% of the unpaid principal and accrued interest.) If any payment has not reached you within ten days after its due date, you may charge me a late installment.

G. **Prepayment:** I may at my option and without penalty, prepay all or part of the principal or accrued interest of my loan at any time.

H. **Additional Agreements:** (1) The proceeds of this loan will be used only for educational expenses at the school listed on my Application and Promissory Note. (2) Any notice required to be given to me including my Disclosure Statement, will be effective when mailed by first class mail to the latest address you have for me. No separate notice is required for any of your assignees or your right or failure to enforce or insist that I comply with any terms of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. If TGSLC is required under its guarantee to repay my loan(s) because I have defaulted, TGSLC will become the owner of this Note and as my creditor will have all the rights previously tendered to enforce this Note against me. (5) I must repay this Note even though I may be under 18 years of age. (6) My loan will be cancelled if I die or become totally and permanently disabled. (7) In this Note, the words I, me, and my mean each and all of those who signed it. If more than one person signs this Note, each person will be liable up to the entire loan from you, your and yours mean the lender or any other owner of this Note.

I. **Deferment:** If I am receiving a loan for a period of enrollment beginning prior to July 1, 1987, I may defer payment of principal on my loan after the repayment period begins under the following circumstances: (1) While I am engaged in: (a) Full-time study at a school that is participating in the GSLP, unless I am not a national of the United States and am studying at a school located in the United States; (b) Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (this service academies), unless I am not a national of the United States and am studying at a school not located in the United States. (c) An eligible graduate fellowship program; or eligible rehabilitation training program for disabled individuals. (2) For periods not exceeding 36 months (for each of the following) while I am: (a) On active duty status in the Armed Forces of the United States, or serving as an officer in the Commissioned Corps of the United States Public Health Service; (b) Serving as a volunteer under the Peace Corps Act, have agreed to serve for a term of at least one year; (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION Programs) if I have agreed to serve for a term of at least one year; (d) Performing full-time volunteer service, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION Programs, for an organization exempt from taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, as amended; or, (e) Temporarily totally disabled as established by a sworn affidavit of a qualified physician, or unable to secure employment because I am caring for a spouse who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician. (3) For periods not exceeding 24 months (for each of the following) while I am: (a) Serving in an eligible internship program; or (b) Conscientious, but unable to find full-time employment in the United States.

In addition to the above deferment, if I am a new borrower (as defined below) receiving a loan for a period of enrollment beginning on or after July 1, 1987, I may also request, in addition to the above, deferments of payment of principal on my loan after the repayment period begins under any of the following circumstances: (4) While I am engaged in at least half-time study at a school that is participating in the GSLP, unless I am not a national of the United States and am studying at a school not located in the United States if I receive a loan from a GSL or SLS Program for the enrollment period. (5) For periods not exceeding 36 months (for each of the following while I am: (a) On active duty status in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service, or an active duty member of the National Oceanic and Atmospheric Administration Corps. (b) Engaged as a full-time teacher in a public or private elementary or secondary school in a teacher shortage area as defined by the Secretary of Education. (c) Unable to secure employment because I am providing care required by a spouse or other dependent who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician. (6) For periods not exceeding 12 months if I am a mother with preschool age children, am entering or reentering the work force, and am being paid at a rate that is no more than $1.00 above the minimum hourly wage prescribed by the Fair Labor Standards Act of 1938. (7) For periods not exceeding six months when I am pregnant or caring for a newborn child or caring for a child immediately following the placement of the child through adoption, provided I am not attending a school and am not gainfully employed. In order to qualify for this deferment, I must have been enrolled, within the past six months, at least half-time in a school participating in the GSLP.

[Stamp: Pay to the order of Texas Guaranteed Student Loan Corporation without recourse on me or any of us.  
/s/ Ira Martin  
TITLE: ASST. VICE PRESIDENT  
SEP 21 1992]

I have not received a PLUS or Consolidation Loan on the date he or she signs the Promissory Note for a loan to cover part of the balance of a GSL. PLUS or Consolidation Loan...

In order to receive... provide my lender with all documentation required to establish my eligibility (as set forth in the regulations governing the GSLP)...

I understand that I must... entitling me to the deferment no longer exists...

**Repayment in full:** ... due on this Note in installments, with interest at the rate indicated in Paragraph C unless I enter into a situation as described in Paragraph E, in which case... unpaid interest I owe is due and payable at once. Prior to the date this Note becomes due as set forth in Paragraph B, we may negotiate particular repayment terms that will become part of this Note. Any endorser (consignor) who signs this Note also be obligated on the Note. The Reorganization period will not be longer than ten years from the... than ten years after this Note becomes due. The repayment period will not be longer than ten years from the date of the first payment, for which I am granted an authorized deferment, as outlined in Paragraph I, or forbearance. At my option I may elect to a repayment period that... However, I may at any time later have the repayment period extended so that the total repayment period is not less than five years for all my loans under the Guaranteed Student Loan, Parent Loan, or Supplemental Loan for Students Programs shall be less than $600 per year for the balance of all such loans discussed... interest if less than $600, including payments from my spouse on any loan under the Guaranteed Student Loan or Supplemental Loan for Students Programs even though this may result in a repayment period shorter than five years.

**Credit Bureau Notification:** Information regarding my loan amount, repayment, or my breach of this agreement will be reported to credit bureau organizations by the lender, holder or TGSLC. My breach of this agreement will be disclosed to credit bureau organizations unless I enter repayment within 30 days after being notified of such disclosure by the lender, holder, or TGSLC. Any objections I make to the credit bureaus regarding accuracy and completeness of information will be responded to in a timely manner by the reporting lender. **BREACH OF THIS AGREEMENT MAY SIGNIFICANTLY AND ADVERSELY AFFECT MY ABILITY TO OBTAIN OTHER CREDIT.**

**Transfer of Note:** This Note may be transferred to a holder other than the lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. The new holder will notify me of any such transfer in writing.

### BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, U.S. Department of Education, or their agent, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this Application will be used for educational expenses for the loan period covered by this Application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 27. I certify that the total amount of loans received under the Guaranteed Student Loan Program Title IV Part B (PL. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now have a fellowship or scholarship, Pell Grant, Supplemental Grant (SEOG), or State Student Incentive Grant (SSIG) and am not now in default on a Perkins Loan (formerly National Defense or Direct Student Loan), or a Guaranteed Student Loan (GSL), a Federally Insured Student Loan (FISL), a Supplemental Loan for Students (SLS), an Auxiliary Loan to Assist Students Loan (ALAS), a Loan for Undergraduate Students (PLUS), a Consolidation Loan, or an Income Contingent Loan. I further authorize my lending institution to issue a check covering the proceeds of this loan in full or in part, made payable to me and sent to the school named in Section II. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with application.

I understand that I will receive disclosures that identify my loan amount (as determined by the lender), the fee amounts, the fee rates, due dates, grace period, and late charges. I understand and agree that if the information on the disclosures conflicts with the information on the Application and Promissory Note, the information on the disclosures applies.

Page 8

EXHIBIT A